Lee v. Jensen, 189 Wis. 286.

Lee, Respondent, vs. Jensen, Appellant.

*December 8, 1925—March 9, 1926.*

*Sales: Of crop of tobacco: Effort to adjust amount of damaged tobacco: Recovery for contract grades tendered: Burden of proof: Appeal: Questions not requested or submitted in special verdict.*

1. Under a contract of sale of a crop of tobacco which required the parties to make a good-faith effort to agree as to the amount of damage because of the delivery of tobacco not of contract grades, the parties not having agreed and the seller not being at fault, he was entitled to recover for the amount of tobacco of contract grades tendered.   p. 288.
2. In an action by the seller for the failure of the buyer to take and pay for the tobacco crop, the seller had the burden of establishing the amount tendered of each of the grades covered by the contract; and the question whether the tobacco tendered was wet, damaged, and not suitable for wrappers and binders is for the jury.   p. 289.
3. Where the defendant made no request that a question as to whether the seller used reasonable care in reselling the crop be included in the special verdict, on appeal from a judgment in the seller's favor the question will be deemed to have been found against the buyer.   p. 290.

Appeal from a judgment of the circuit court for Vernon county: S. E. Smalley, Judge. *Affirmed.*

For the appellant there was a brief by *Graves & Gulbrandsen* of Viroqua, attorneys, and *Goggivs, Brazeau &*

*Graves* of Wisconsin Rapids, of counsel, and oral argument by *R. B. Graves* of Wisconsin Rapids and *C. W. Graves* of Viroqua.

For the respondent there was a brief by *Q. H. Hale,* attorney, and *Baldwin & Bosshard,* of counsel, all of La Crosse, and oral argument by *C. L. Baldwin.*

The following opinion was filed January 12, 1926:

ROSENBERRY, J. This case was considered by this court on a former appeal, reported in 179 Wis. 468, 192 N. W. 78. The judgment was reversed and the cause was remanded for a new trial. The facts stated in the former opinion need not be restated here.

Upon the second trial the jury found as follows:

"(1) Was there on or about the 25th day of February, 1921, any portion of plaintiff's crop of tobacco for the year 1920 graded, stripped, and bundled by him as wrappers and binders? Answered by the Court: Yes.

"(2) Was any portion of the tobacco so graded, stripped, and bundled by plaintiff as wrappers and binders, suitable for wrappers and binders and in sound packing condition? *A.* Yes.

"(3) If you answer question (2) 'Yes,' then answer this question: How many pounds were there of such tobacco? *A.* 70 per cent.—4,501 pounds.

"(4) Was there on or about the 25th day of February, 1921, any portion of plaintiff's crop of tobacco for the year 1920 graded, stripped, and bundled by him as fillers? Answered by the Court: Yes.

"(5) Was any portion of the tobacco so graded, stripped, and bundled by plaintiff as fillers, suitable for fillers and in sound packing condition? *A.* Yes.

"(6) If you answer question (5) 'Yes,' then answer this question: How many pounds were there of such tobacco? *A.* 1,881 pounds.

"(7) Did the defendant, *J. A. Jensen,* on or about the 25th day of February, 1921, examine the said tobacco on the premises of the plaintiff? Answered by the Court: Yes.

"(8) Was there on or about the 25th day of February, 1921, an honest and in good faith disagreement between the plaintiff, *Helmer Lee,* and the defendant, *J. A. Jensen,* as to the amount of damaged tobacco in said crop? *A.* No.

"If you answer question (8) 'No,' then answer questions (9) and (10):

"(9) Did the plaintiff, *Helmer Lee,* make an honest and in good faith effort to agree with the defendant, *J. A. Jensen,* upon the amount of damaged tobacco? *A.* Yes.

"(10) Did the defendant, *J. A. Jensen,* make an honest and in good faith effort to agree with the plaintiff, *Helmer Lee,* upon the amount of damaged tobacco? *A.* No."

There was a judgment for the plaintiff for $1,163.41 and interest from April 6, 1921, from which the defendant appeals.

The defendant contends that this action is ruled by sub. (3) of sec. 121.44, Uniform Sales Act, which is as follows:

"Where the seller delivers to the buyer the goods he contracted to sell mixed with goods of a different description not included in the contract, the buyer may accept the goods which are in accordance with the contract and reject the rest, or he may reject the whole."

It is argued that, the jury having found that there was included in the bundles tendered to the defendant tobacco not of the contract grades, the defendant then had a right to reject the entire lot. There would be much force to this argument if it were not for that clause which requires the parties to make a good-faith effort to agree as to the amount of damage due to the presence of tobacco not of contract grades. It appears by the terms of the contract that it was in contemplation of the parties that there would be in the bundles tendered tobacco not of the grades purchased by the defendant. Under such circumstances, the parties not having agreed and the jury having found that the plaintiff was not at fault in respect thereto, the plaintiff has, as held on the first appeal, the right to recover for the amount of

tobacco of the contract grades tendered by him. Although the plaintiff has a right to recover for the amount of tobacco of the contract grades actually tendered, the burden is upon him to establish the amount so tendered of each of the grades covered by the contract. As to the grade designated "fillers" there was no dispute as to quality. The plaintiff testified that the bundles tendered as wrappers and binders contained nothing but tobacco of the contract grades. The person to whom the plaintiff sold the tobacco and who had the best opportunity to inspect it testified that at least seventy-five per cent. of the amount contained in the bundles claimed to be wrappers and binders was of that grade. The plaintiff offered other evidence to the same effect except that the proportion of the contract grade was larger. The defendant claimed that the tobacco was wet, damaged, and not suitable for wrappers and binders. This presented a clear jury issue. The jury has found in favor of the plaintiff and there is ample evidence to sustain their finding.

This case is to be distinguished, for the reasons already pointed out, from cases where a buyer bargains for goods of a specified quality under circumstances which require the seller to tender goods which strictly conform to the terms of the contract. The purchase here was of tobacco of certain specified grades out of the plaintiff's entire crop, and by the terms of the contract it is clear that it was in contemplation of the parties that there could not be, or at least was not likely to be, an agreement between the parties as to whether or not the tobacco to be tendered would comply with the terms of the contract. It was expected that some adjustment would be necessary at the time performance was due. This is rather an unusual circumstance, and attention is called to it for the purpose of indicating that we have not overlooked nor departed from the established principles of law as to performance of a contract for the sale of goods.

It is also contended that the plaintiff did not exercise reasonable care in reselling the goods. The defendant made no request that a question covering that issue be included in the special verdict. It must therefore be held to be found against him.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 9, 1926.